Filed 5/23/16  P. v. Smith CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEVIN SMITH,<br><br>        Defendant and Appellant. | A145820<br><br>(Lake County<br>Super. Ct. No. CR938812) |

### INTRODUCTION

In this case we are asked to review the record after a no contest plea.  Counsel for appellant has filed his brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and asks us to make an independent review of the record in assessing the judgment.  He has advised appellant of this decision and told Smith he may also submit a supplemental brief raising any issues he believes should be considered by this court.  Counsel indicated the brief must be filed within 30 days of counsel's brief.  To date, no supplemental papers have been received from appellant.  We review the record here and conclude the judgment should be affirmed.

### STATEMENT OF THE CASE

On June 10, 2015, the District Attorney of Lake County filed an information charging appellant with several crimes.  In count 1, appellant was charged with a violation of Penal Code[1] section 422 (making a criminal threat which would result in

_____

[1] Unless otherwise stated, all statutory references in this opinion are to the California Penal Code.

death or great bodily injury to Jane Smith); count 2, a violation of section 29805 (unlawful possession of a firearm by a person convicted within the past 10 years of a violation of section 245, subdivision (a)(1)); count 3, a violation of section 25400, subdivision (a)(2) (carrying a concealed firearm on his person, having been previously convicted of assault with a deadly weapon, a violation of section 245, subdivision (a)(1)).

We derive the facts of the case from the transcipt of the preliminary hearing held on June 26, 2015. Deputy Sheriff Pisaro of Lake County testified that on March 31, 2015, he met with the alleged victim, Jane Smith. Ms. Smith advised Pisaro she was afraid to go to her home because of threats made against her by appellant. On the same day, Pisaro met with appellant and conducted a search based on the victim's complaints. The deputy found in the right vest pocket of appellant's jacket a concealable but fully loaded handgun with .45-caliber ammunition. The report by Ms. Smith and the fruits of Deputy Pisaro's arrest formed the factual basis for the charges in the information.

On April 28, 2015, a court-appointed medical examiner submitted a report to the trial court concluding appellant was competent to stand trial in this case. The trial court conducted a hearing on May 19, 2015, in which he acknowledged receipt and consideration of the competency report. The parties agreed to submit the issue on the report. The court found appellant competent and reinstated the criminal charges.

On June 26, 2015, appellant entered a no contest plea to a violation of count 2 of the information. The prosecution agreed to dismiss the remaining charges in the indictment in exchange for the no contest plea. The defense agreed there was a factual basis for the no contest plea.

On July 20, 2015, appellant was sentenced by the trial court to the lower term of 16 months, based on his no contest plea to count 2. Additional fines and penalties were imposed. On the same date, the trial court also revoked appellant's probation in case No. CR 928399.

On July 22, 2015, a timely notice of appeal was filed in this case.

2

**DISCUSSION**

We have reviewed the entire record in this matter. We find no basis in this record to disturb the judgment below. There are no issues regarding the plea here. No other issues are presented regarding the pretrial matter and the sentence was consistent with the plea discussions. Appellant was adequately represented by appointed counsel.

**DISPOSITION**

We affirm the judgment.

_____
DONDERO, J.

We concur:

_____
HUMES, P.J.

_____
MARGULIES, J.

3